NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SHEET METAL WORKERS UNION
LOCAL NO. 3, Respondent,

and

McCarthy Heating & Air Conditioning
Service, Inc., Intervenor-Petitioner.

No. 81–1261.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1981.

Decided Oct. 30, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Vivian A. Miller, Josephine C. Thornton, Attys., Paul J. Spielberg, National Labor Relations Board, Washington, D. C., William A. Lubbers, General Counsel, John E. Higgins, Jr., Deputy General Counsel, Robert E. Allen, Acting Associate General Counsel, Elliott Moore, Deputy Associate General Counsel, National Labor Relations Board, Washington, D. C.

David D. Weinberg, argued, Weinberg & Weinberg, P. C., Omaha, Neb., for respondent.

Before HEANEY and STEPHENSON, Circuit Judges, and DAVIES,* Senior District Judge.

PER CURIAM.

This matter is before the Court pursuant to an application of the National Labor Relations Board for enforcement of its order against the Sheet Metal Workers Union Local No. 3. The Board found that the Union violated section 8(b)(7)(C) of the National Labor Relations Act by picketing McCarthy Heating & Air Conditioning Services, Inc., between February 25 and April 18, 1980. The Board determined that the Union picketed for more than thirty days without filing a representation petition and that its objective was to force the company to bargain with it or force the company's employees to choose it as their bargaining representative. The Board's decision and order is reported at 253 N.L.R.B. 53, 105 L.R.R.M. 1606 (1980).

In this case, there is absolutely no evidence that any agent of the Union specifically asked any McCarthy employee to become a representative of the Union or to execute an authorization card. Moreover, there is no evidence that the Union ever asked the employer for recognition as the representative of its employees. Finally, Liebsack, a Union agent who engaged in several conversations with McCarthy's employees, disclaimed any desire on the part of the Union to presently represent the employees.

The record does indicate, however, that Union agent Liebsack talked with the employees about their wages and benefits during the period of picketing and prepared a comparative analysis sheet designed to emphasize the disparities between union and nonunion wages. Additionally, Liebsack admitted that the Union may seek to represent McCarthy's employees in the future even though it has no present desire to do so.

The Board ordered the Union to cease and desist from its unfair labor practices in contravention of section 8(b)(7)(C) of the Act and to post an appropriate notice.

■ While this case presents a close question, we conclude that there is substantial evidence on the record as a whole from which the Board could reasonably have found that the Union conducted its picketing for a recognitional or organizational object in violation of section 8(b)(7)(C). The Board concedes, however, that the only evidence of the Union's unlawful objective is the comparison between union and nonunion wages and benefits made in Liebsack's conversations with McCarthy's employees and in the written comparative analysis sheet, and Liebsack's admission that the Union may attempt to organize the McCarthy employees in the future.

■ Area standards picketing, for the sole purpose of encouraging compliance with prevailing area wage and benefit standards, is nonrecognitional activity that is not proscribed by section 8(b)(7)(C). *N.L.R.B. v. International Brotherhood of Electrical Workers Local 265*, 604 F.2d 1091, 1097 (8th Cir. 1979). Here, the Board essentially conceded at oral argument that the Union was engaged in lawful area standards activity other than its oral and written comparisons of union and nonunion benefits and Liebsack's statement that it may seek to organize the McCarthy employees in the future.

■ Therefore, we enforce the Board's order directing the Union to cease and desist those activities that violate section 8(b)(7)(C). We emphasize, however, that the Union is free to resume its nonrecognitional picketing of McCarthy as long as the picketing is not accompanied by conversations with employees regarding the benefits of unionization which are made with an unlawful recognitional and organizational objective.

---

* The Honorable RONALD N. DAVIES, United States Senior District Judge, for the District of North Dakota, sitting by designation.