Herbert S. DAWIDOFF, Acting Regional Director of the Eighteenth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Appellant,

v.

OVER–THE–ROAD, CITY TRANSFER, COLD STORAGE, GROCERY AND MARKET DRIVERS AND HELPERS, INSIDE EMPLOYEES, LOCAL UNION NO. 544, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellee.

No. 83–2053.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1984.

Decided June 13, 1984.

Order on Denial of Rehearing and Rehearing En Banc Aug. 21, 1984.

Peterson, Bell & Converse, Erwin A. Peterson, Saint Paul, Minn., for appellee.

William A. Lubbers, General Counsel, John E. Higgins, Deputy General Counsel, Harold J. Datz, Associate General Counsel, Joseph E. Mayer, Asst. General Counsel, Joseph P. Norelli, Deputy Asst. General Counsel, Patricia B. Dyson, Atty., N.L.R.B., Washington, D.C., for appellant.

Before LAY, Chief Judge, HEANEY and BOWMAN, Circuit Judges.

HEANEY, Circuit Judge.

This is an appeal from a decision of the United States District Court for the District of Minnesota denying the application of the Regional Director of the National Labor Relations Board (Board) for a preliminary injunction against the Over-the-Road, City Transfer, Cold Storage, Grocery & Market Drivers, Helpers and Inside Employees Union Local 544 (Union) for violating section 8(b)(7)(C) of the National Labor Relations Act, 29 U.S.C. § 158(b)(7)(C). The Regional Director, after investigation, concluded that there was reasonable cause to believe the Union was picketing Better Home Deliveries with a recognitional objective and that the picketing had continued for more than 30 days. The Union denied the charge. It contended that the sole purpose of its picketing was to encourage compliance with prevailing area wage and benefits standards.

The district court, at the request of the Regional Director, entered a temporary restraining order enjoining the Union from picketing Better Home Deliveries. It subsequently held an evidentiary hearing on the Director's request for a preliminary injunction. Both parties appeared and presented evidence and arguments. The district court denied the request for a preliminary injunction. It stated:

In a proceeding for a temporary injunction under 10(1) of the National Labor Relations Act, the inquiry of the district court is restricted to the question of whether there is reasonable cause to believe the Act is being violated as charged. *See Wilson v. Milk Drivers & Dairy Employees U., Local 471* [491 F.2d 200] (8th Cir.1974). The standard is not as stringent as the standard for a preliminary injunction under Fed.R. Civ.P. 65.

As the parties acknowledged at oral argument, a key controversy in this dispute is whether Charles Madden, Secretary-Treasurer of respondent, told Michael Kota, attorney for Better Home, to "pay the book," in other words, pay wages equal to area standards, or "sign the book," in other words, sign the union contract. The testimony of petitioner's and respondent's witnesses was directly in conflict. The Court was, furthermore, provided with little or no other evidence corroborative of either position. The Court cannot make a finding of reasonable cause on such a minimal showing.

We affirm the district court. It correctly stated that the issue was whether the Board had reasonable cause to believe that the Act was being violated as charged. *Solien v. United Steelworkers of America,* 593 F.2d 82, 86 (8th Cir.), *cert. denied,* 444 U.S. 828, 100 S.Ct. 54, 62 L.Ed.2d 36 (1979); *Dawidoff v. Minneapolis Building and Construction Trades Council,* 550 F.2d 407, 410 (8th Cir.1979); *Wilson v. Milk Drivers and Dairy Employees Union, Local 471,* 491 F.2d 200, 203 (8th Cir.1974). Thus, the only question before us is whether the district court's finding that the Director's showing was so "minimal" that a preliminary injunction should be denied was in error. We do not believe the court erred. The record shows the following:

(1) The Union never requested recognition.

(2) The picket sign stated: "Notice to the Public: Better Home Deliveries pays it

drivers substandard wages and fringe benefits, Teamster Local 544."

(3) The Union made no attempt to get the employees of Better Home Deliveries to join the Union. To the contrary, it stated that it already had more members than it could provide work for and that its objectives would be satisfied if area standards were met.

(4) The Union made sufficient inquiry before instituting picketing to determine that Better Home Deliveries' wage and fringe benefit package was substantially less than that of the area package established by the Union. The area package provided for a wage payment of $12.74 per hour plus another $2.50 per hour in pension and health benefits as compared to a $10 per hour wage at Better Home Deliveries, plus a health and welfare package of an undisclosed amount. Better Home Deliveries does not dispute the Union's claim that the employer's wage and benefit package is substantially less than that established by the Union in its area-wide collective bargaining agreement.

(5) Employer witnesses testified that Union representatives, on being asked what it would take to settle the dispute, replied, "sign the book," and subsequently stated that this meant the wages, hours and working conditions specified in the collective bargaining agreement word for word. The Union witnesses denied that they made this statement. They stated that they simply said, "pay the book". The court initially accepted the employer's version for purposes of the temporary restraining order but apparently found insufficient evidence to support that version in light of the testimony adduced at the evidentiary hearing on the question of whether a preliminary injunction should issue.

(6) Shortly after the picketing commenced, the Union sent the following telegraph to Better Home Deliveries:

It has been brought to our attention your total labor cost for drivers and warehousemen is below that which has been negotiated with other carriers in the area. Unless we receive documentation to the contrary area standard picketing will continue at your terminal and at such other locations where you are engaged in your normal business.

Better Home Deliveries did not respond.

(7) When the charge was being investigated by the Board, the officers of the Union told Board representatives that picketing would cease as soon as Better Home Deliveries "[paid] wages and fringe benefits that are not below the area standards that we have established." This statement was repeated under oath at the evidentiary hearing. Thus, any confusion or conflict over what was said at the earlier meeting between the parties is not necessarily controlling.[1]

For these reasons, we affirm the district court's finding that the record did not establish reasonable cause that the preliminary injunction should issue.[2]

LAY, Chief Judge, concurring.

The Regional Director contends that the district court has ignored the judicial standard appropriate to a determination of reasonable cause for the issuance of a temporary injunction under 10(*l*) of the National Labor Relations Act. The Regional Director contends that the district court assessed the credibility of witnesses and failed to credit the testimony favorable to the charging party. Conceivably, the district court opinion lends itself to this argument; however, it is my analysis that, in failing to find reasonable cause, the district court did not violate the applicable standard. In the determination of "reasonable cause to believe," the district court must make a *qualitative* judgment of rationality of the evidence favoring the Regional Director's motion. Even if credibility determinations are resolved in favor of the Regional Director, the court still must be satisfied that the cause stated is supported with sufficient substance to justify the eq-

---

1. This Court in *N.L.R.B. v. Sheet Metal Workers Union Local No. 3*, 662 F.2d 513, 514 (8th Cir. 1981) (per curiam), and the D.C.Circuit in *Centralia Building and Construction Trades Council v. N.L.R.B.*, 363 F.2d 699, 702 (D.C.Cir.1966), have indicated that even if union picketing has been found to have an improper purpose, it may continue if the purpose is subsequently limited to a proper one.

2. Since the matter was submitted to this Court, an administrative law judge has issued a report in which he finds that the picketing was improperly motivated. We do not consider that report in reaching our conclusions here.

uitable relief sought. In determining whether the grounds stated are sufficient under the law, the district court must exercise some degree of judgmental discretion. In the case before us, I concur in Judge Heaney's analysis. The overall record presented to the district court demonstrates that the charging party made only a minimal showing and, under the circumstances, I do not find it was abuse of discretion of the district court to deny the Regional Director's motion.

BOWMAN, Circuit Judge, dissenting.

Based upon the totality of circumstances, the Regional Director concluded there was reasonable cause to believe that the Union was engaged in recognitional picketing. Quite predictably, the testimony of the witnesses for the Union and the witnesses for the employer are in direct conflict. The other evidence in the case is inconclusive on the question of the Union's motive.

Picketing is inherently coercive and disruptive. The detrimental effect of the picketing on the employer's operations, and on the job security of its employees, is the same no matter what a union's true motive may be. But determining motive in such a case is a slippery matter.

We generally give great deference to administrative determinations of the kind made here by the Regional Director, and I believe that the district court should have done so in this case.

> When 'reasonable cause to believe' turns on disputed issues of fact, the Regional Director may assume these in favor of the charge and the district court should sustain him if his choice is within the range of rationality. If differing inferences may fairly be drawn from the facts he has found, he may choose the one more favorable to the charging party, and this too should be upheld.

*Danielson v. Joint Board of Coat, Suit and Allied Garment Workers' Union, I.L. G.W.U.,* 494 F.2d 1230, 1245 (2d Cir.1974); *see also Wilson v. Milk Drivers and Dairy Employees Union, Local 471,* 491 F.2d 200, 206 (8th Cir.1974).

For the reasons briefly stated above, I would reverse and would direct the district court to grant the preliminary injunction.

### ORDER

The petition for rehearing and suggestion for rehearing en banc is denied. In denying the petition, the Court emphasizes that it continues to adhere to *Dawidoff v. Minneapolis Building and Construction Trades Council,* 550 F.2d 407 (8th Cir. 1977), and *Wilson v. Milk Drivers and Dairy Employees Union, Local 471,* 491 F.2d 200 (8th Cir.1974). The panel in the instant case simply held that under the facts presented the district court did not err in holding that there was not sufficient evidence from which the Board could make a reasonable cause determination.

Judges DONALD R. ROSS, THEODORE McMILLIAN, GEORGE G. FAGG and PASCO M. BOWMAN II, would grant the petition.